## THE PEOPLE *v.* VILLAFAÑA.

### APPEAL from the District Court of Humacao.

No. 323.—Decided March 24, 1911.

COMPLAINT—DEMURRER—VIOLATION OF PHARMACY ACT.—In this case the following complaint was filed: "I, A. R.," etc., "file a complaint against R. V. for violation of section 18 of the Pharmacy Act, committed as follows: That on the 20th day of June, 1910, and in Conde de Mirasol Street, of the judicial district of——, said person, contrary to the provisions of the Pharmacy Act, had on the shelves of his mercantile establishment the following articles: A case of *Carabaña* water; 10 pounds of senna leaves, etc. That the aforementioned articles were offered for sale to the public." On appeal it was held:

    (*a*) That by the terms in which the complaint is conceived no offense is charged against the accused for which he may and should be punished, there being a lack of requisites therein which are essential to understand that the commission of an offense is charged;

    (*b*) That in it the defendant is only accused of having offered for sale the aforesaid articles, which act does not constitute an offense unless accompanied by some other one which converts it into a punishable act, the allegation thereof being necessary;

(c) That if the act charged against the accused violated the law govern-
ing pharmacy, it should have been alleged that, without authorization to
practice the profession of pharmacist, he was selling or had on sale said
articles; but to allege that he was violating the law governing pharmacy is
not sufficient, this being a legal conclusion.

The facts are stated in the opinion.

*Mr. M. Tous Soto* for appellant.

*Mr. Jesús. M. Rossy, fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

A complaint was filed in the Municipal Court of Vieques against the accused herein and the case was subsequently heard on appeal in the District Court of Humacao, where the defendant filed a demurrer which does not appear in the transcript of the record, nor is there anything therein to show the decision of the court thereon; but it was undoubtedly overruled because that court rendered judgment on November 1, 1910, finding defendant guilty of a violation of the Pharmacy Act of 1906, and condemned him to pay a fine of $50, and in case of his failure to pay the fine, to serve 50 days in the district jail, and to pay the costs.

From this judgment the defendant took an appeal to this Supreme Court, and no statement of the case, nor bill of exceptions, nor assignment of errors has been filed herein.

In his report the *fiscal* of this court recommends that the judgment be affirmed.

We find the following sworn complaint which was filed in this case:

"*Complaint:* Municipal Court of Vieques, P. R., United States of America. The President of the United States, ss. *The People of Porto Rico* v. *Rafael Villafaña.* I, A. Ramírez Rivera, I. P., residing on San Francisco Street, in the town of Vieques, P. R., 24 years of age, file this complaint against Rafael Villafaña for violation of section 18 of the Pharmacy Act, committed as follows: That on June 20, 1910, on Conde de Mirasol Street, within the judicial district of the municipality of Vieques, P. R., which forms a part of the judicial district of Humacao, P. R., said Villafaña, contrary to the provisions of the Pharmacy Act, had on the shelves of his store the following articles, to wit: A box of *Carabaña* water, 22 bottles of *Cara-*

*baña* water, 10 pounds of senna leaves, 2 gallons of castor oil, 10 pounds of almond oil.   That the said articles were offered to the public for sale.   That this act is contrary to the law, and I make it known to you for the proper purposes, the witnesses being Serafín Lopez, badge No. 609.   (Signed) A. Ramírez Rivera, L. Corporal I. P., complainant.''

This information is drawn in such a way that it fails to charge the defendant with the commission of any crime for which he may be punished, since it lacks the most essential and indispensable requisite—that it be drawn in such a way that any person of ordinary intelligence may understand that it charges the commission of a crime.

The accused is charged with offering for sale in his commercial establishment the articles therein mentioned which, if true, does not constitute any crime punishable under our law, unless some other fact is shown to make it a criminal act, and the allegation of which is therefore necessary.

If, as the complainant supposes and affirms, the act charged constitutes a violation of the Pharmacy Law, he should have stated how the defendant disobeyed the law in selling such articles, and that not being authorized to practise the profession of pharmacist he sold or had for sale the articles mentioned; but he could not properly state, as was done, that the defendant violated the Pharmacy Act, because that is a legal conclusion which is the province of the judge to reach in view of the statement of the facts showing the act with which the accused is charged.

In the case of *The People* v. *Ruiz et al.,* decided May 21, 1906 (10 P. R.; 529), this court held:

''We do not hold that a charge should contain each and every one of the elements of a real information, but it should contain that which is essential to show clearly what the offense charged is in order that the defendant may prepare his defense without doubt of any character.

''All cases within the jurisdiction of a municipal judge at the present time must begin by a sworn complaint of the complaining witness or the authority or officer having knowledge of the deed, or by whom the arrest of the offending party was made.   It is so provided by sec-

tion 22 of the Code of Criminal Procedure as amended by the Act of March 12, 1903.''

"Section 23 of said code reads as follows:

" 'Every affidavit shall contain as particularly as can be done the nature of the offense and the circumstances attending its commission. * * *'

"This provision has been violated in the complaint under examination, because section 299 of the Penal Code specifies the games which are punishable, and said complaint does not specify the game which was being played, whether it was faro, monte, roulette, etc., without the purpose of the law being met by the statement that 'a prohibited game was surprised,' which is all that the complaint alleges. These words are more the expression of an opinion, which might have been incorrect, because the defendants might have been playing a lawful game, and the complainant may have thought that said lawful game was a prohibited game. It is indispensable, as the law provides, that the complaint contain, as particularly as can be done, the nature of the offense and the circumstances attending its commission; and this not having been done, the complaint should have been dismissed, because no offense was charged against the persons to whom it referred.

"This reasoning is strengthened by the case of *The People* v. *Carrol*, 80 Cal., 153, and that of *The People* v. *Cosset*, 93 Cal., 641, to which Mr. Justice Wolf also referred in his opinion in case No. 31, which was decided by this Supreme Court on February 25, 1905, of *The People of Porto Rico* v. *J. T. Ramsey et al.* (8 P. R., p. 112), for gaming.''

We are entirely in accord with the reasoning set forth in the foregoing opinion.

If we were to hold that accusations are good and sufficient which contain allegations such as that the accused were playing prohibited games, without stating the kind of games being played, or that certain articles were sold in violation of the Pharmacy Act, the peace and liberty of a person would be subject to the more or less erroneous conception of the law entertained by the person making the complaint.

The essential facts of an accusation cannot be omitted in a complaint, and it is necessary in a case such as the one now before us to allege that the profession of pharmacist

was being practiced without a license therefor, which is the act punishable under the law, and a failure to comply with this requisite renders the accusation defective and no crime is charged against the defendant.

We will dispose of this case on the merits of the accusation itself, without either admitting or denying that the act of selling or offering for sale the articles set forth in the complaint may be punished under the above-mentioned law, inasmuch as it is unnecessary to consider this point now, in view of the defective nature of the accusation.

For the reasons set forth, the judgment appealed from must be reversed, without costs.

*Reversed.*

Mr. Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.